UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| **J.D., by his father and next friend, BRIAN DOHERTY,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) Case No. 4:17-CV-101 (RBS-RJK) ) |
| **COLONIAL WILLIAMSBURG FOUNDATION,** | ) ) ) ) |
| **Defendant.** | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT COLONIAL WILLIAMSBURG FOUNDATION'S MOTION *IN LIMINE*

Defendant Colonial Williamsburg Foundation ("CWF"), by and through counsel, moves *in limine* to exclude the following:

- Plaintiff J.D.'s Williamsburg Research Report, Plaintiff 000478-000484

- Testimony by Dana Eason regarding her opinion of how Plaintiff was treated

- August 2, 2017 article from Williamsburg Yorktown Daily, Exhibit T to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Docket Entry 27-20)

For the following reasons, the Court should prevent Plaintiff from presenting any of the above evidence at trial.

## I. INTRODUCTION

As the Court is aware, this action concerns Plaintiff's allegations that CWF discriminated against him by providing him with a gluten-free meal in its restaurant instead of allowing Plaintiff to eat food he had brought from home. Specifically, Plaintiff claims that CWF violated Section 504 of the Rehabilitation Act of 1973, Title III of the Americans With Disabilities Act ("ADA"),

1

and the Virginians with Disabilities Act ("VDA"). These allegations raise the same essential questions: whether Plaintiff is disabled within the meaning of those statutes, whether CWF had a duty to accommodate Plaintiff's disability, and whether CWF satisfied any such duty. Only evidence relevant to those issues should be admitted at trial.

## II.  ARGUMENT

The three pieces of evidence CWF seeks to exclude are inadmissible, and the Court should bar Plaintiff from presenting the evidence at trial.

### A. Plaintiff's Research Report Is Not Relevant And Any Relevance Is Substantially Outweighed By Confusion and Wasted Time

Plaintiff wishes to offer into evidence a research report Plaintiff wrote for his fifth grade history class in anticipation of his trip to Colonial Williamsburg. Plaintiff relies on this report to demonstrate Plaintiff's love of history. *See* Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J. at 1, Feb. 2, 2018, ECF No. 27 ("Pl.'s Resp.").

Plaintiff's academic inclinations, however, are entirely irrelevant. Whether Plaintiff likes history or was excited about his trip to Colonial Williamsburg has no bearing on the only relevant questions: whether Plaintiff is disabled such that CWF had a duty to accommodate him and whether CWF complied with any such duty. These questions would remain the same if Plaintiff preferred video games to history and had gone on the trip begrudgingly, or if Plaintiff was a foreign exchange student who had never before heard of Colonial Williamsburg. Because the report does not bear on any fact "of consequence in determining the action," it is irrelevant and must be excluded. Fed. R. Evid. 401.

Even if the report had some minimal relevance, moreover, that relevance would be substantially outweighed by a danger of confusion and wasting time. Fed. R. Evid. 403. Admitting the report would risk confusing the jury as to what facts are indeed of consequence in deciding this

action. Plaintiff's affinity for history is not one of those facts. It would also waste time on inconsequential evidence that would be better spent on important medical evidence and other testimony relevant to deciding the merits of Plaintiff's claims. In sum, the evidence is neither relevant nor probative enough to merit its admission.

### B. Eason's Testimony Is Not Relevant And Any Relevance Is Substantially Outweighed By Confusion And Unfair Prejudice

Plaintiff should not be permitted to elicit testimony from Dana Eason, a waitress at Shields Tavern, regarding her view of CWF's treatment of Plaintiff. Plaintiff emphasizes Eason's testimony that she disagreed with the manager's decision to ask Plaintiff to eat his food outside; that even though she was aware of CWF's no-outside-food policy, Eason believed it was "cruel" to enforce the policy; and that Eason was upset about the manager enforcing it. Pl.'s Resp., Ex. I, Dep. of Dana Eason 21:22-22:12, 35:21-22, 36:2-3, 36:5-8, 36:12, 36:14-16, 36:18, 50:2-3, 50:6-7, 50:10-13, 50:16-17. This testimony constitutes irrelevant opinion testimony by a lay witness that risks confusion and prejudice. It should be excluded at trial.

Lay witness opinion testimony is limited to testimony that is "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Fed. R. Evid. 701(b). Eason's opinion that she would have handled the situation differently and that the manager's approach was "cruel" neither elucidates her testimony nor assists the jury in determining whether CWF offered Plaintiff a reasonable accommodation.

Not only is this portion of Eason's testimony irrelevant, but allowing it at trial would risk confusion and unfair prejudice. Like Plaintiff's history report, Eason's testimony risks confusing the jury as to the precise and limited nature of the issues in this action. How Eason, a singular waitress at Shields Tavern who admits she knew about CWF's no-outside-food policy, felt about the policy has no bearing on this action. Similarly, whether Eason, a non-management member of

3

the Shields Tavern staff who relies on tips, would have ignored the policy has no bearing on whether CWF in fact offered Plaintiff a reasonable accommodation or even had a duty to accommodate in the first instance.

Moreover, Eason's opinion risks exciting the emotions of the jury and causing the jury to decide the actual issues raised by this action on an irrational basis.  *See Westfield Ins. Co. v. Harris*, 134 F.3d 608, 615 (4th Cir. 1998).  Plaintiff will rely on Eason's testimony to elicit sympathy for Plaintiff, but such sympathy is an irrational and emotional basis on which to determine the decidedly unemotional legal and factual questions under the ADA, Rehabilitation Act, and VDA.  The risk of this prejudice far outweighs any minimal probative value of the testimony.  *See id.*  The testimony should be excluded.

### C. The Newspaper Article Is Inadmissible Hearsay

The Williamsburg Yorktown Daily article identified as an exhibit by Plaintiff is clear hearsay and is inadmissible.  Plaintiff relies on this article for the proposition that "two state health code officials confirmed 'the [Virginia] health code doesn't address whether a customer can or can't bring food into an establishment.'"  Pl.'s Resp. at 14.

Plaintiff is explicitly relying on the officials' out of court statements, as expressed in the article, to prove that the Virginia health code does not speak to the issue of outside food in restaurants.  *See* Fed. R. Evid. 801(c).  This is unequivocal hearsay evidence.  *Id.*  It does not meet any of the exceptions to the rule against hearsay, and must therefore be excluded.  Fed. R. Evid. 802.

### III. CONCLUSION

For the reasons stated above, CWF respectfully requests that the Court enter an Order granting CWF's Motion *In Limine* and excluding from trial Plaintiff's history report, Dana Eason's

4

testimony on her view of CWF's treatment of Plaintiff, and the Williamsburg Yorktown Daily article.

Dated: February 15, 2018                    Respectfully submitted,

**COLONIAL WILLIAMSBURG FOUNDATION**

By: _____/s/_____

Robert W. McFarland (VSB # 24021)
McGuireWoods LLP
World Trade Center
101 West Main Street, Ste 9000
Norfolk, Virginia 23510
(Office) (757) 640-3716
(Fax) (757) 640-3966
rmcfarland@mcguirewoods.com

Dana L. Rust (VSB # 28408)
Micah B. Schwartz (VSB # 77299)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
drust@mcguirewoods.com
mschwartz@mcguirewoods.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 15th day of February, 2018, a true copy of the foregoing was filed with the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael S. Stein
Mary Vargas
STEIN & VARGAS, LLP
840 First Street, NE
Third Floor
Washington, DC 20002

                                                   /s/
                                  Robert W. McFarland (VSB # 24021)
                                  McGuireWoods LLP
                                  World Trade Center
                                  101 West Main Street, Ste 9000
                                  Norfolk, Virginia 23510
                                  (Office) (757) 640-3716
                                  (Fax) (757) 640-3966
                                  rmcfarland@mcguirewoods.com

                                  Dana L. Rust (VSB # 28408)
                                  Micah B. Schwartz (VSB # 77299)
                                  MCGUIREWOODS LLP
                                  Gateway Plaza
                                  800 East Canal Street
                                  Richmond, Virginia  23219
                                  (Office) (804) 775-1000
                                  (Fax) (804) 698-2158
                                  drust@mcguirewoods.com
                                  mschwartz@mcguirewoods.com
                                  *Counsel for Defendant*