UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



J.D., by his father and next
friend, BRIAN DOHERTY,

    Plaintiff,

v.

CIVIL ACTION NO. 4:17cv101

COLONIAL WILLIAMSBURG
FOUNDATION,

    Defendant.

## FINAL ORDER

This matter comes before the court on the Defendant's, Colonial Williamsburg Foundation ("CWF"), Motion for Summary Judgment and corresponding Memorandum in Support, filed on January 19, 2018. ECF Nos. 19, 20. On February 2, 2018, the Plaintiff, J.D., filed a Response in Opposition. ECF No. 27.[1] On February 8, 2018, the Defendant filed a Reply in support of its Motion for Summary Judgment. ECF No. 31. On February 9, 2018, the matter was referred to United States Magistrate Judge Robert J. Krask, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to

---

[1] Portions of the Defendant's Memorandum in Support, and the Plaintiff's Response in Opposition were filed under seal, in order to protect the confidentiality of the Plaintiff's medical records. See Sealed Mem. Supp., ECF No. 23; Sealed Attachs./Exs., ECF Nos. 28, 29.

the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion for Summary Judgment. ECF No. 32.

The United States Magistrate Judge's Report and Recommendations ("R&R") was filed on March 27, 2018. ECF No. 66.[2] The Magistrate Judge first found that there is a genuine dispute of material fact with regard to whether J.D. suffers from a disability under the Americans with Disabilities Act ("ADA"), and the ADA Amendments Act ("ADAAA"). See R&R at 12-21.[3] Second, the Magistrate Judge determined that a reasonable juror could not find that J.D.'s requested modification—to bring outside food into Colonial Williamsburg's Shields Tavern, without prior notice to CWF and without inquiring as to whether CWF could safely provide J.D. with a gluten-free meal—was not necessary for J.D. to fully enjoy the goods and services offered by Shields Tavern. See id. at 5-6, 22-33. Because the Defendant would be entitled to summary judgment on this basis, the Magistrate Judge did not reach the issues of whether J.D.'s

---

[2] A sealed, unredacted version of the R&R was also filed. ECF No. 67.

[3] This case was brought pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Title III of the ADA, 42 U.S.C. §§ 12182-89; and the Virginia Rights of Persons with Disabilities Act, Va. Code Ann. § 51.5. See R&R at 10. Each of these statutes can be analyzed together, so the R&R only refers to Title III of the ADA in addressing the Plaintiff's claims. See id. at 10-12.

proposed modification was reasonable, or whether it would have fundamentally altered the Defendant's business. See id. at 33.

By copy of the R&R of the Magistrate Judge, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen (14) days from the date of the mailing of the R&R to the objecting party. Id. On April 10, 2018, the Plaintiff filed Objections to the R&R, with exhibits. ECF Nos. 68, 69. The Defendant also filed Objections to the R&R on April 10, 2018, with exhibits. ECF No. 71.

The Plaintiff first objects to the Magistrate Judge's finding that J.D.'s proposed modification, bringing in outside food to Shields Tavern to eat, was not necessary. See Pl. Objs. at 20-25. Second, the Plaintiff objects to the Magistrate Judge allegedly "drawing factual inferences in favor of the Defendant, the []moving party." Id. at 25-28.[4] Lastly, the Plaintiff objects by arguing that J.D.'s proposed modification was reasonable. See

---

[4] One of the Magistrate Judge's alleged errors, in drawing factual inferences in favor of CWF, was his finding that CWF has a policy of not allowing outside food into Shields Tavern. See Pl. Objs. at 25. The Plaintiff states that this policy "is so riddled with holes as to be no policy at all." Id. at 26. The Plaintiff lists the exceptions to the CWF policy that are addressed in the R&R, see id. (listing cake, wine, children's snacks, and one instance of a chicken breast), and adds a new exception not addressed in the R&R's findings: mints. Id.

3

id. at 28-29.[5] On April 24, 2018, the Defendant filed a Response to the Plaintiff's Objections, with exhibits. ECF No. 75.[6]

The Defendant objected to the Magistrate Judge's finding that a genuine dispute of material fact exists as to whether J.D. is a person with a disability according to the ADA and the ADAAA. Def. Objs. at 3-9. On April 24, 2018, the Plaintiff filed a Response in Opposition to the Defendant's Objections, with exhibits. ECF Nos. 72, 73.

This court, having examined the Objections to the Magistrate Judge's R&R, and having made de novo findings with respect thereto, hereby **OVERRULES** the Plaintiff's Objections and **OVERRULES** the Defendant's Objections. The court **ADOPTS AND APPROVES IN FULL** the Magistrate Judge's thorough and well-reasoned R&R, including all findings and recommendations regarding the Defendant's Motion for Summary Judgment. Accordingly, the Defendant's Motion for Summary Judgment is **GRANTED** with respect to Counts One through Three of the Complaint, and the Clerk shall enter judgment in favor of the

---

[5] The Magistrate Judge never reached the issue of whether J.D.'s proposed modification was reasonable, and the Plaintiff admits this. See R&R at 33 ("[T]he Court need not address whether J.D.'S proposed modification was reasonable."); Pl. Objs. at 28 ("The Magistrate Judge did not reach the issue . . . ."). Thus, there is no finding to which the Plaintiff can object.

[6] The Plaintiff filed a Motion for Leave to File a Reply to the Defendant's Response on April 30, 2018, which the court denied on May 11, 2018. ECF Nos. 77, 79.

4

Defendant and close the case on this court's docket. The Clerk is **DIRECTED** to send a copy of this Final Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

Rebecca Beach Smith
Chief Judge

June 1, 2018